☐ **AMENDED**

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TENNESSEE**

In re: **Ragan Roberson**　　　　　　　　　　　　　　　　　　Case No.

Debtors:　　　　　　　　　　　　　　　　　　　　　　　　　Chapter 13

## CHAPTER 13 PLAN

**ADDRESS:**　(1) 1389 Marygene Dr.　　　　　(2)
　　　　　　　　　Memphis, TN 38116

**PLAN PAYMENT:**
　**Debtor(1)** shall pay $ **125.00**　☐ weekly, ☐ every two weeks, ☐ semi-monthly, or ☑ monthly, by:
　☐ PAYROLL DEDUCTION From: _____ OR ( X ) DIRECT PAY

　**Debtor(2)** shall pay $ _____　☐ weekly, ☐ every two weeks, ☐ semi-monthly, or ☐ monthly, by:
　☐ PAYROLL DEDUCTION From: _____ OR (　) DIRECT PAY

**1. THIS PLAN [Rule 3015.1 Notice]:**

　(A) CONTAINS A NON-STANDARD PROVISION. [See plan provision #19]　☐ YES　☑ NO
　(B) LIMITS THE AMOUNT OF A SECURED CLAIM BASED ON A VALUATION　☐ YES　☑ NO
　　　OF THE COLLATERAL FOR THE CLAIM. [See plan provisions #7 and #8]
　(C) AVOIDS A SECURITY INTEREST OR LIEN. [See plan provision #12].　☐ YES　☑ NO

**2. ADMINISTRATIVE EXPENSES:** Pay filing fee and Debtor(s)' attorney fee pursuant to Confirmation Order.

**3. AUTO INSURANCE:** ☐ Included in Plan; OR ☑ Not included in Plan; Debtor(s) to provide proof of insurance at §341 meeting.

**4. DOMESTIC SUPPORT:**　　　　　　　　　　　　　　　　　　　　　　Monthly Plan Payment:

**None**　　Paid by: ☐ Debtor(s) directly ☐ Wage Assignment, OR ☐ Trustee to:
　　　　　　ongoing payment begins _____　　　　$ _____
　　　　　　Approximate arrearage: _____

**5. PRIORITY CLAIMS:**

**-NONE-**　　　　　　　　　　　　Amount _____　　$ _____

**6. HOME MORTGAGE CLAIMS:** ☐ Paid directly by Debtor(s); OR ☐ Paid by Trustee to:

**None**　　ongoing payment begins _____　　　　　　$ _____
　　　　　Approximate arrearage: _____　Interest _____　$ _____

**7. SECURED CLAIMS:**

[Retain lien 11 U.S.C. §1325 (a)(5)]　Value of Collateral:　Rate of Interest　Monthly Plan Payment:
**None**

**8. SECURED AUTOMOBILE CLAIMS FOR DEBT INCURRED WITHIN 910 DAYS OF FILING, AND OTHER SECURED CLAIMS FOR DEBT INCURRED WITHIN ONE YEAR OF FILING:**

[Retain lien 11 U.S.C. §1325 (a)]　Value of Collateral:　Rate of Interest　Monthly Plan Payment:
**-NONE-**　　　　　　　　　　　　　　　　　　　　　　　　　　　　$

**9. SECURED CLAIMS FOR WHICH COLLATERAL WILL BE SURRENDERED; STAY IS TERMINATED UPON CONFIRMATION FOR FOR THE LIMITED PURPOSE OF GAINING POSSESSION AND COMMERCIALLY REASONABLE DISPOSAL OF COLLATERAL:**

-NONE-                                             Collateral: _____

**10. SPECIAL CLASS UNSECURED CLAIMS:**

|  | Amount: | Rate of Interest | Monthly Plan Payment: |
|---|---|---|---|
| -NONE- |  |  | $ |

**11. STUDENT LOAN CLAIMS AND OTHER LONG TERM CLAIMS:**

None                                             ☐ Not provided for   **OR**   ☐ General unsecured creditor

**12. THE JUDICIAL LIENS OR NON-POSSESSORY, NON-PURCHASE MONEY SECURITY INTEREST(S) HELD BY THE FOLLOWING CREDITORS ARE AVOIDED TO THE EXTENT ALLOWABLE PURSUANT TO 11 U.S.C.§522(f):**

-NONE-

**13. ABSENT A SPECIFIC COURT ORDER OTHERWISE, ALL TIMELY FILED CLAIMS, OTHER THAN THOSE SPECIFICALLY PROVIDED FOR ABOVE, SHALL BE PAID AS GENERAL UNSECURED CLAIMS.**

**14. ESTIMATED TOTAL GENERAL UNSECURED CLAIMS: $9,305.00**

**15. THE PERCENTAGE TO BE PAID WITH RESPECT TO NON-PRIORITY, GENERAL UNSECURED CLAIMS IS:**

☐ _____ %, OR,
☑ THE TRUSTEE SHALL DETERMINE THE PERCENTAGE TO BE PAID AFTER THE PASSING OF THE FINAL BAR DATE.

**16. THIS PLAN ASSUMES OR REJECTS EXECUTORY CONTRACTS:**

None                                                                                        ☐ Assumes  **OR**  ☐ Rejects.

**17. COMPLETION:** Plan shall be completed upon payment of the above, approximately **60** months.

**18. FAILURE TO TIMELY FILE A WRITTEN OBJECTION TO CONFIRMATION SHALL BE DEEMED ACCEPTANCE OF PLAN.**

**19. NON-STANDARD PROVISION(S):**

ANY NON-STANDARD PROVISION STATED ELSEWHERE IS VOID.

**20. CERTIFICATION: THIS PLAN CONTAINS NO NON-STANDARD PROVISIONS EXCEPT THOSE STATED IN PROVISION 19.**

/s/ Ted I. Jones                                                                      Date  July 10, 2019                    .
**Ted I. Jones**
**Debtor(s)' Attorney Signature or Pro Se Debtor(s)' Signature(s)**